**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11328

Non-Argument Calendar

_____

ADRIAN CLARK,

*Plaintiff-Appellant,*

*versus*

PUBLIX SUPER MARKETS, INC.,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:24-cv-00015-WFJ-PRL

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Adrian Clark, proceeding pro se, appeals the district court's order granting summary judgment to Publix Super Markets, Inc. ("Publix") as to his 42 U.S.C. § 1981 claim of race discrimination.

Clark asserted that Publix employees intentionally discriminated against him because of his race when they denied his request to purchase a money order for approximately $15,000.[1]  After review,[2] we affirm the district court's grant of summary judgment to Publix.

## I.  DISCUSSION

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race."  *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)).  The statute protects against "impairment by nongovernmental discrimination," 42 U.S.C. § 1981(c), and shields both contractors and "would-be contractor[s]."  *Domino's Pizza*, 546 U.S. at 476.

To succeed on a § 1981 race-discrimination claim, a plaintiff must establish "(1) that [he] is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race;

---

[1] In his appellate brief, Clark apparently seeks for the first time to assert wholly new legal theories against Publix, including claims of breach of contract and negligence.  We do not consider any of those new theories because Clark did not raise them before the district court.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (quotation marks omitted)).

[2] "We review a district court's summary-judgment decision de novo, drawing all inferences in the light most favorable to the non-moving party."  *Jarrard v. Sheriff of Polk Cnty.*, 115 F.4th 1306, 1315 n.9 (11th Cir. 2024) (quotation marks omitted).

and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004). Only the second element is at issue in this case. As to the intentional-discrimination element, the Supreme Court has explained that a § 1981 plaintiff must prove that his race was a "but-for cause" of the loss of his legally protected rights. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020). The but-for causation standard requires proof that, without race as a factor, the outcome would have been different, even if other factors unrelated to race contributed to the outcome. *See Bostock v. Clayton Cnty.*, 590 U.S. 644, 656 (2020) (explaining the but-for causation standard; *Ismael v. Roundtree*, 161 F.4th 752, 761 (11th Cir. 2025) (applying *Bostock* in a § 1981 case).

The district court did not err by granting summary judgment to Publix because Publix first satisfied its burden of demonstrating that Clark "failed to present sufficient evidence to support an essential element of the case," and Clark then failed to satisfy his burden of establishing "that a genuine issue of material fact exists." *See Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1311-12 (11th Cir. 2018). Specifically, Clark failed to submit sufficient evidence from which a reasonable jury could conclude that the Publix employees at Store No. 1477 denied his request to purchase a money order for approximately $15,000 because of his race.

A § 1981 plaintiff "may establish racial discrimination directly or circumstantially." *Ziyadat v. Diamondrock Hosp. Co.*, 3 F.4th 1291, 1296 (11th Cir. 2021). Clark did not submit either direct

4                    Opinion of the Court                    25-11328

or circumstantial evidence of racial discrimination sufficient to survive summary judgment.

A. *Direct Evidence*

The only evidence in the record that could potentially constitute direct evidence of racial discrimination is Publix employee Eva Forte's purported reference to Clark and his wife as "you people" when she explained that their request to purchase a money order was denied. Specifically, Clark testified during his deposition that Forte told him and his wife, "I'm sorry. Unfortunately, we don't -- we don't feel comfortable helping you people today -- or assisting you people."

Even if we accept Clark's testimony that Forte made this statement to him and his wife, as we must at the summary-judgment stage, it still does not constitute direct evidence of racial discrimination as a matter of law. Direct evidence is "evidence, which if believed, proves existence of fact in issue without inference or presumption." *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1189 (11th Cir. 1997) (quoting *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 n.6 (11th Cir. 1987)). "Evidence that only suggests discrimination or that is subject to more than one interpretation does not constitute direct evidence." *Id.* (citations omitted). Thus, "only the most blatant remarks, whose intent could be nothing other than to discriminate . . . will constitute direct evidence of discrimination." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1359 (11th Cir. 1999) (quotation marks omitted).

Forte's purported reference to Clark and his wife as "you people" does not constitute direct evidence of racial discrimination as a matter of law because at most it only "suggests discrimination" and "is subject to more than one interpretation." *See Merritt*, 120 F.3d at 1189. Although a reasonable jury could interpret the term "you people" as bearing a racial implication, Forte's use of that term could also be interpreted as simply referring to Clark and his wife jointly when Forte's whole statement is considered in its full context. *See also Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 269 (3d Cir. 2010) ("[S]everal courts have determined that the phrase 'you people' is too ambiguous to constitute direct evidence of discrimination when used in isolation."). In other words, Forte's statement was not the kind of "blatant remark[], whose intent could be nothing other than to discriminate." *See Damon*, 196 F.3d at 1359.

## B. Circumstantial Evidence

One way that § 1981 plaintiffs can prove racial discrimination by circumstantial evidence is via the burden-shifting framework that the Supreme Court established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), for claims under Title VII of the Civil Rights Act of 1964. *Ziyadat*, 3 F.4th at 1296. Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination by showing, among other things, the existence of "comparators of a different race who

were 'similarly situated in all material respects' and were not subject to the same mistreatment." *Id.* (quoting *Lewis v. City of Union City*, 918 F.3d 1213, 1220 n.5 (11th Cir. 2019) (en banc)).

Clark failed to establish a prima facie case of § 1981 race discrimination under the *McDonnell Douglas* framework because he did not provide any evidence of similarly situated individuals of a different race who were not subject to the same alleged mistreatment as him. Specifically, Clark failed to point to any individuals of a different race whom Publix allowed to purchase a high-value money order under materially similar circumstances.

Nevertheless, the *McDonnell Douglas* framework is not the only way that a § 1981 plaintiff can survive summary judgment with circumstantial evidence. *See Ismael*, 161 F.4th at 764 ("If the plaintiff cannot establish a prima facie case, []he does not automatically lose on summary judgment."). Alternatively, a plaintiff can survive summary judgment by showing a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (citation modified); *Ismael*, 161 F.4th at 764-65.

This approach, which has been called "the convincing mosaic standard" is simply a "rearticulation of the summary judgment standard." *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 946-47 (11th Cir. 2023); *see also McCreight v. AuburnBank*, 117 F.4th 1322, 1335 (11th Cir. 2024) ("The convincing mosaic approach is—in its en-

25-11328              Opinion of the Court                    7

tirety—the summary judgment standard. That phrase is a metaphor, not a legal test and not a framework." (quotation marks omitted)).  Thus, we simply ask whether there is "enough evidence for a reasonable factfinder to infer intentional discrimination" considering "all relevant evidence in the record."  *Tynes*, 88 F.4th at 946-47.  "A plaintiff may establish a convincing mosaic by pointing to evidence that demonstrates, among other things, (1) suspicious timing, ambiguous statements, or other information from which discriminatory intent may be inferred, (2) systematically better treatment of similarly situated [individuals], and (3) pretext." *Jenkins v. Nell*, 26 F.4th 1243, 1250 (11th Cir. 2022) (quotation marks omitted).

In this case, Clark failed to submit sufficient circumstantial evidence of racial discrimination to satisfy the "convincing mosaic" approach, *i.e.*, the normal summary-judgment standard.  That is because a reasonable jury could only conclude from the record evidence that race was not a consideration in the decision to reject Clark's request to purchase a money order for approximately $15,000 and thus was not a but-for cause of that decision.  *See Comcast Corp.*, 589 U.S. at 341.

Undisputed evidence[3] shows that Travis Hutchinson, the assistant store manager at Publix Store No. 1477 where the relevant

---

[3] In his briefing in the district court and on appeal, Clark attempted to dispute the declarations of the relevant Publix employees that Publix submitted in support of its summary-judgment motion, going so far as to accuse Publix of falsification of evidence.  However, Clark did not submit any actual evidence to support either his falsification claim or his various disagreements with the

incident took place, was the ultimate decisionmaker as to Clark's request to purchase the money order.  Hutchinson, who is the same race as Clark, was not in the store at the time of the incident and was instead informed of the situation by another employee over the phone.  Hutchinson was not informed of Clark's race and was instead simply told that (1) Clark was attempting to purchase a money order for approximately $15,000; (2) Clark reported having no income; and (3) Clark said he needed the money order to pay the entirety of a rental lease in advance, which employees at the store considered to be unusual for the area.

Given that this was the only information available to Hutchinson at the time he made his decision to deny Clark's money-order request, there is no indication that Clark's race influenced Hutchinson's decision in any respect, let alone that Clark's race was a but-for cause of Hutchinson's decision.  Instead, Hutchinson's decision was in line with Publix's policies and employee training relating to suspicious monetary transactions, which instructed employees to be on the lookout for red flags indicating that a customer might be engaged in illegal activity.  One such red

Publix employees' declarations as he was required to do to show the existence of a genuine dispute of material fact.  *See Rice v. Branigar Org., Inc.*, 922 F.2d 788, 790 (11th Cir. 1991) ("The party opposing a properly presented motion for summary judgment may not rest upon allegations or denials in his or her pleadings, but must set forth specific facts showing that there is a genuine issue for trial.").  In fact, Clark's sworn deposition testimony and surveillance footage are consistent with Publix's evidence as to all of the material facts discussed in this opinion, which undermines Clark's claim of evidence falsification.

flag is when a customer attempts to conduct a large monetary transaction despite reporting being unemployed. All of the evidence supports the conclusion that Hutchinson made his decision based on this policy and training, weighing various factors without any consideration of Clark's race.[4]

The fact that later on the same day Clark was able to purchase a money order for the requested amount at the nearby Publix Store No. 1289 does not suggest otherwise. When Clark arrived at Store No. 1289 and told the employees at that store the same story that he told at Store No. 1477, the employees at Store No. 1289 also initially flagged the transaction as suspicious based on Publix's policies and contacted store management. The difference is that, at Store No. 1289, Clark provided documents to support his story, which he did not do at Store No. 1477. The events at Store No. 1289 do not suggest that race played any role in Hutchinson's decision at Store No. 1477.

Lastly, Forte's purported "you people" comment to Clark and his wife does not create an inference that race was a but-for cause of Hutchinson's decision even if a reasonable jury could interpret the comment as racially charged. A racial remark that does

---

[4] Clark makes much of the fact that a Publix employee at Store No. 1477 told him when he called in advance that they would be able to sell him a money order for the requested amount. But during that call, Clark did not tell the employee any of the facts that were the basis for Hutchinson's ultimate decision. Regardless, the fact that Clark was told he could purchase the money order in advance does not in itself indicate that race was a but-for cause of Hutchinson's decision in light of all of the evidence discussed above.

not rise to the level of direct evidence of discrimination can nevertheless constitute circumstantial evidence of discrimination. *See Ross v. Rhodes Furniture, Inc.*, 146 F.3d 1286, 1291 (11th Cir. 1998). But even so, potentially discriminatory acts of an employee without decisionmaking authority cannot satisfy § 1981's but-for causation standard unless "the discriminating employee's racial animus (1) was intended to cause and (2) did cause the contractual injury." *Ziyadat*, 3 F.4th at 1297. To satisfy § 1981's but-for causation standard, the plaintiff must show that the nondecisionmaker's racial animus "had a 'determinative influence' on the injury." *Id.* at 1297-98 (quoting *Sims v. MVM, Inc.*, 704 F.3d 1327, 1336 (11th Cir. 2013)).

Forte's purported "you people" comment, even if it could be construed as racially charged and therefore suggestive of a racial animus, does not satisfy the but-for causation standard because Forte was not the decisionmaker as to Clark's money-order request, and Forte did not have a "determinate influence" on the decision to deny Clark's request. *See id.* As stated above, Hutchinson was the decisionmaker. Further, the undisputed record evidence establishes that Hutchinson made the decision to deny Clark's request based on objective facts that he weighed in consideration of Publix's policies and training regarding suspicious monetary transactions. No evidence indicates that Hutchinson's decision would have been different had Forte not been involved. In fact, Hutchinson never even spoke with Forte before making his decision—Forte initially communicated the situation to assistant customer service manager Benjamin Stanton, who in turn called

Hutchinson.  Then, when Hutchinson made his decision, he told it to Stanton, who relayed it to Forte.  Nothing in these circumstances even suggests that any potential racial animus from Forte caused Hutchinson's denial of Clark's request.[5]  *See Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1339-40 (11th Cir. 2024) (holding that plaintiff failed to create reasonable inference of race discrimination where nondecisionmaker made racist comments because plaintiff did not tie the comments to the ultimate decisionmakers).

## II.  CONCLUSION

For all of the above reasons, Clark failed to submit sufficient direct or circumstantial evidence from which a reasonable jury could conclude that Clark's request to purchase a money order at Publix Store No. 1477 was denied because of his race.  Therefore,

---

[5] As a final matter, Clark also argues that the district court judge was biased and therefore should have sua sponte recused himself.  The only specific basis that Clark provides as support for this argument is the district court judge's order denying his motion to extend the discovery period filed after the close of discovery, in which the district court judge called the case an "uncomplicated matter."  However, "a trial judge's comments on lack of evidence" and "rulings adverse to a party" are not evidence of bias sufficient to warrant recusal.  *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983).  Therefore, Clark's argument, which is otherwise based on only "highly tenuous speculation," *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999), does not show that the district court judge abused his discretion by failing to sua sponte recuse himself.  *See Jenkins v. Anton*, 922 F.3d 1257, 1271-72 (11th Cir. 2019) (explaining that a judge's decision not to recuse himself is reviewed for abuse of discretion).

the district court did not err in granting Publix's motion for summary judgment.

**AFFIRMED.**